# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASMINE THOMAS,

    Appellant,

      v.

UNITED STATES POSTAL SERVICE,

    Agency.

DOCKET NUMBER
CB-7121-24-0015-V-1

DATE:  February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jasmine Thomas, Glenwood, Illinois, pro se.

Roderick Eves, Esquire, and Christopher R. Lopez, Esquire, St. Louis, Missouri, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

The appellant has filed a request for review of an arbitration decision related to her employment with the agency.  For the reasons set forth below, we DISMISS the request for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was employed as a Carrier Technician.  Request for Review (RFR) File, Tab 6 at 11.  After she filed a grievance related to her employment with the agency, an arbitrator issued a decision denying the same.  *Id*. at 23-37.

The appellant filed a request for review of the arbitration decision.  RFR File, Tab 1.  Notably, in her request for review, she stated that she was not entitled to veterans' preference.  *Id.* at 1.

The Office of the Clerk of the Board issued an order, which cited 5 U.S.C. § 7121(d), among other things, and stated that the Board has jurisdiction over a request for review of an arbitration decision if (1) the subject matter of the grievance is one over which the Board has jurisdiction, (2) the appellant either (i) raised a claim of discrimination under 5 U.S.C. § 2302(b)(1) with the arbitrator in connection with the underlying action, or (ii) raises a claim of discrimination in connection with the underlying action under 5 U.S.C. § 2302(b)(1) for the first time with the Board if such allegations could not be raised in the negotiated grievance procedure, and (3) a final decision has been issued.  RFR File, Tab 2 at 2.  The order noted that the appellant has the burden to prove that the Board has jurisdiction over the request for review, and it directed her to file evidence and argument in this regard.  *Id.* at 3.  The appellant responded to the order.  RFR File, Tabs 4-5.

The agency filed a motion to dismiss, in which it argued, among other things, that 5 U.S.C. § 7121(d) does not apply to U.S. Postal Service employees, and the Board lacks jurisdiction over the appellant's request for review of an arbitration decision.  RFR File, Tab 6 at 8-9 (citing *Masdea v. U.S. Postal Service*, 90 M.S.P.R. 556 (2002), *Muse v. U.S. Postal Service*, 82 M.S.P.R. 164 (1999), and *Marjie v. U.S. Postal Service*, 70 M.S.P.R. 95 (1996)).  The appellant responded to the agency's motion.  RFR File, Tabs 7-8.

## ANALYSIS

The Office of the Clerk of the Board properly noted the general rule regarding Board jurisdiction to review an arbitration decision under 5 U.S.C. § 7121(d). RFR File, Tab 2 at 2. However, the appellant does not have a right to Board review of an arbitration decision because 5 U.S.C. § 7121 does not apply to the U.S. Postal Service.[2] *Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 4 (2008); *Clements v. U.S. Postal Service*, 101 M.S.P.R. 218, ¶ 3 (2006); *Marjie*, 70 M.S.P.R. at 98. Accordingly, we dismiss the appellant's request for review of the arbitration decision for lack of jurisdiction.[3] *Anderson*, 109 M.S.P.R. 558, ¶ 4; *Masdea*, 90 M.S.P.R. at 558.

## NOTICE OF APPEAL RIGHTS[4]

This is the Board's final decision on the appellant's request for review of the arbitration decision. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall

---

[2] We find that the agency's pleading cured any error in this regard. *See, e.g.*, *Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that a failure to provide an appellant with proper jurisdictional notice can be cured if the agency's pleadings contain the requisite notice).

[3] We acknowledge that certain preference-eligible U.S. Postal Service employees have Board appeal rights under 5 U.S.C. chapter 75, even if they have already invoked grievance procedures. *Anderson*, 109 M.S.P.R. 558, ¶ 6. Because the appellant indicated in her request for review that she was not entitled to veterans' preference, RFR File, Tab 1 at 1, we need not consider whether she has chapter 75 Board appeal rights.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.